# CHARLESTON

POLING & Co. v. MOORE.

Submitted June 16, 1905.   Decided November 7, 1905.

1.  PLEADING—*Declaration.*—*Parties.*

  The parties to an action should be named in the declaration with accuracy and particularity. However, when once named, they may thereafter be referred to as plaintiff and defendant.   (p. 233).

2.  JUDGMENT—*Pleadings to Sustain.*

  There can be no judgment upon a declaration in which no one is named as defendant, and the action should be dismissed, unless the declaration is so amended as to cure this defect.   (p. 233).

Error to Circuit Court, Tucker County.

Action by J. E. Poling & Co. against John W. Moore, Jr. Judgment for defendant, and plaintiffs bring error.

*Reversed.*

A. JAY VALENTINE, for plaintiffs in error.
W. E. BAKER, for defendant in error.

SANDERS, JUDGE :

This is an action of *assumpsit*, brought by the plaintiffs in the circuit court of Tucker county, against the defendant, John W. Moore, Jr. The declaration contains the common counts, and two accounts are filed therewith, one in favor of the Union Manufacturing Company against the defendant, and by an endorsement thereon it appears to have been assigned to The Hendricks Co., Limited, and the other in favor of The Hendricks Co., Limited, against the defendant; but the declaration contains no averment of the assignment of these accounts, or either of them, to the defendant. No issue was made up, and in this condition the case was referred to a

commissioner to take and state an account between the parties, and the commissioner, in obedience to the order of reference, reported, and upon his report, the case was submitted to the court in lieu of a jury, and the court entered judgment that neither the plaintiffs nor defendant were entitled to recover. The plaintiffs assign many errors, and ask to have his judgment reversed.

The plaintiffs are not in a position to complain, even if the declaration averred an assignment of the accounts, and the proof showed them entitled to recover, because it does not appear from the declaration who the defendant is. The defendant is nowhere designated. The parties to the action must be set out in the declaration with certainty and accuracy ; however, after once stating them it is sufficient to designate them as plaintiff and defendant. Unless this is so, the declaration will be so defective that no judgment can be given upon it. Our statute provides that no action shall abate for want of form when the declaration sets forth sufficient matter of substance for the court to proceed upon the merits of the case. Section 9, chapter 125, Code. But this provision does not help this case, because judgment according to the very right of the case cannot be given unless there is a defendant against whom such judgment can be rendered. There must be some one complaining, and, likewise, some one against whom complaint is made. Therefore, no judgment could have been given upon this declaration, in favor of the plaintiffs, against Moore, he being nowhere named in the declaration, and not named defendant by the declaration. There being no declaration upon which judgment could be given, the court should not have adjudicated the rights between the parties and dismissed the action, but should have allowed the declaration to be amended. The judgment is therefore reversed, and the case remanded, with leave to the plaintiffs to amend their declaration, if they desire to do so.

*Reversed and Remanded.*